# United States Court of Appeals

### For the Eighth Circuit

_____

No. 25-2377

_____

G.T.

*Plaintiff - Appellee*

v.

Liberty Mutual Fire Insurance Company

*Defendant - Appellant*

James McLaurie

*Defendant - Appellee*

Susan McLaurie, By and through *Defendant* Ad Litem Blake I. Markus

*Defendant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: January 13, 2026
Filed: July 17, 2026

_____

Before SHEPHERD, KELLY, and STRAS, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

G.T. sued Liberty Mutual and James and Susan McLaurie (the McLauries) in state court to collect on a prior judgment that G.T. obtained against the McLauries. After Liberty Mutual removed the case to federal district court based on diversity of citizenship, James McLaurie joined G.T.'s motion to remand. The district court[1] granted James McLaurie's motion, finding that his request signified that the defendants did not unanimously consent to removal. Liberty Mutual now appeals. We dismiss the appeal for lack of jurisdiction.

I.

On May 3, 2023, G.T. sued James and Susan McLaurie[2] in Missouri state court for the physical and sexual abuse she endured while under their care when she was 3-4 years old (the Underlying Litigation). G.T. ultimately prevailed following a bench trial, obtaining a judgment of $150,000,000 against each of the McLauries. On January 17, 2025, G.T. sued the McLauries again in Missouri state court, along with Liberty Mutual, the McLauries' homeowner's insurer, seeking to collect on the prior judgment. G.T. brought claims of equitable garnishment against all three parties and claims of bad faith, breach of contract, and breach of fiduciary duty against Liberty Mutual.

On January 31, 2025, Liberty Mutual removed the case to the Eastern District of Missouri on the basis of diversity of citizenship. James McLaurie had not been served at this time, but he voluntarily entered his appearance on February 21, 2025. On March 11th, G.T. moved to remand the case, arguing that the parties were not

---

[1]The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

[2]Susan McLaurie died on August 1, 2022, approximately nine months before G.T. filed her May 2023 lawsuit. The state court appointed attorney Blake I. Markus as a defendant ad litem to represent her. See Mo. Rev. Stat. § 537.021(1).

diverse. On March 13th, James McLaurie, rather than joining Liberty Mutual's Notice of Removal, instead joined G.T.'s motion to remand, reiterating G.T.'s contention that the parties were not diverse. Susan McLaurie also did not join Liberty Mutual's Notice of Removal.

The district court denied G.T.'s motion to remand without prejudice but granted James McLaurie's motion to remand. While the district court disagreed with G.T.'s contention that the parties were not diverse, it found that James McLaurie's decision to join G.T.'s motion to remand signified a lack of unanimity among the defendants. The district court noted that a lack of unanimity generally renders a removal "defective," because under 28 U.S.C. § 1446(b)(2)(A), "[w]hen a civil action is removed solely [for diversity of citizenship], all defendants . . . must join in or consent to the removal of the action." The district court then explained that even though Liberty Mutual removed the case prior to James McLaurie entering his appearance, under 28 U.S.C. § 1448, McLaurie had a right to "veto" the removal after he joined the case as a defendant. Therefore, according to the district court, because McLaurie joined G.T.'s motion to remand after entering his appearance, "there is no unanimity among the defendants as to removal," and it remanded the case. Liberty Mutual now appeals, asserting that remand was improper.

II.

First, we must determine whether we have jurisdiction to review the district court's remand order. Generally, under 28 U.S.C. § 1447(d), "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." "Congress has decided that in the ordinary case the federal district court should have the final word on removal since at some point litigation over the choice of a courtroom must end." Vasseur v. Sowell, 930 F.3d 994, 996 (8th Cir. 2019) (citation omitted). "This congressional judgment makes perfect sense[,] for [t]he only thing that is at stake is the forum that will hear a claim, and this issue is not so fundamental that a second or third layer of judges must test its correctness." Id. (second alteration in original) (citation omitted).

Section 1447(d)'s general bar on reviewability applies to remand orders that are "based on grounds specified in § 1447(c)." Stone v. J & M Sec., LLC, 55 F.4th 1150, 1152 (8th Cir. 2022). The grounds specified in § 1447(c) are (1) "a timely raised defect in removal procedure" and (2) "lack of subject-matter jurisdiction." Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 127 (1995) (citing § 1447(c)).

Here, because the district court did not grant remand based on a lack of subject-matter jurisdiction, we need only determine whether the district court based its order on a "defect" as contemplated by § 1447(c). Id. While "[§] 1447(c) . . . do[es] not define what constitutes a 'defect,'" we have agreed with previous courts who have "construed the statute 'to mean removals that were defective in terms of the statutory conditions that Congress had placed on removal.'" Graphic Commc'ns Loc. 1B Health & Welfare Fund A v. CVS Caremark Corp., 636 F.3d 971, 974 (8th Cir. 2011) (citation omitted). Meanwhile, non-statutory grounds for granting remand—such as judicial abstention and crowded dockets—have not generally been characterized as "defect[s]" in removal procedure under § 1447(c). See id. (noting that "removals based on abstention, among other doctrines, [have been] held to be outside the scope of [§ 1447(c)]"); Kircher v. Putnam Funds Tr., 547 U.S. 633, 640 (2006).

However, a district court's ground for remand need not perfectly match § 1447(c)'s definition of a "defect" to be shielded from review—it need only be "colorable." Powerex Corp. v. Reliant Energy Servs., Inc., 551 U.S. 224, 234 (2007). Because "the line between misclassifying a ground [for remand] . . . and misapplying a proper ground [for remand] is sometimes elusively thin," "review of the District Court's characterization of its remand as resting upon [§ 1447(c)] . . . should be limited to confirming that that characterization was colorable." Id.

Determining whether a remand order is "colorabl[y]" based on § 1447(c) is more of a subjective test than an objective one. See id. The critical question is not

-4-

whether the district court properly invoked § 1447(c) in ordering remand, but rather whether it "believed" that it was doing so. See Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 623 (8th Cir. 1997). In other words, so long as a remand order is issued "pursuant to § 1447(c)," § 1447(d) "prohibits review . . . whether erroneous or not." Thermtron Prods., Inc. v. Hermansdorfer, 423 U.S. 336, 343 (1976), abrogated on other grounds by Quackenbush v. Allstate Ins. Co., 517 U.S. 706 (1996). "[W]here the order is based on one of the [grounds enumerated in 28 U.S.C. § 1447(c)], review is unavailable *no matter how plain the legal error* in ordering the remand." Kircher, 547 U.S. at 642 (second alteration in original) (emphasis added) (citation omitted).

Here, the district court's remand order was colorably based on a "defect in removal procedure" under § 1447(c). See Things Remembered, 516 U.S. at 127. The district court noted that "[i]f one defendant fails to consent to the removal, then the removal is rendered defective," and it found that, in the instant case, "there is no unanimity among the defendants as to removal." While we have never directly addressed this issue, several circuits have held that a lack of unanimity is a "defect" under § 1447(c). See, e.g., Harvey v. Ute Indian Tribe of the Uintah & Ouray Rsrv., 797 F.3d 800, 805 (10th Cir. 2015) ("[L]ack of unanimity is a procedural defect clearly established by statute as precluding removal. . . . '[T]he failure to comply with these express statutory requirements for removal can . . . render the removal "defective" and justify a remand.'" (citations omitted)); Hernandez v. Seminole Cnty., 334 F.3d 1233, 1237 (11th Cir. 2003) ("The failure to join all defendants in the petition is a defect in the removal procedure." (citation omitted)). This characterization aligns with our precedent as well. See Graphic Commc'ns, 636 F.3d at 974. Because § 1446(b)(2)(A) requires that defendants unanimously consent to removal, a removal lacking this feature would be "defective in terms of the statutory conditions . . . [for] removal" and would thus constitute a "defect" under § 1447(c). Id. (citation omitted); see also Kamm v. ITEX Corp., 568 F.3d 752, 755 (9th Cir. 2009) ("It is relatively clear from context that 'defect' refers to a failure to comply with the statutory requirements for removal provided in 28 U.S.C. §§ 1441-1453."). Accordingly, while we need not decide whether a lack of

unanimity is a "defect" under § 1447(c), we hold that it is at least a "colorable" basis on which the district court could grant remand. Powerex, 551 U.S. at 234.

Liberty Mutual argues that § 1447(d) does not apply because the remand order was allegedly based on James McLaurie's "veto" power under 28 U.S.C. § 1448 rather than a lack of unanimity under § 1446(b)(2)(A). Section 1448 states that "[t]his section shall not deprive any defendant upon whom process is served after removal of his right to move to remand the case." Liberty Mutual contends that because a later-served defendant's ability to "veto" removal (i.e., request remand) under § 1448 does not exist until after a case has already been removed, this provision does not relate to any "defect" in the original removal process itself.

However, Liberty Mutual's argument fails because it only challenges the objective accuracy of the district court's analysis—not its subjective intent. Regardless of whether the violation of the right to remand under § 1448 is a bona fide "defect" in the removal process under § 1447(c), the district court itself believed it to be so. The district court expressly based its remand order on its finding that "James McLaurie's joinder in the Motion to Remand indicates there is no unanimity among the defendants," and it noted that lacking unanimity would render a removal "defective." Thus, even if it was error to equate the power to request remand under § 1448 to the unanimity requirement under § 1446, we would still not have jurisdiction to review, for so long as the district court "believed" that there was a defect in removal procedures, "review of the remand order is barred." Transit Cas., 119 F.3d at 623; see also Kircher, 547 U.S. at 642.

Liberty Mutual's argument is also not supported by precedent. The Ninth Circuit has explicitly rejected Liberty Mutual's position, as it has held that a remand order based on § 1448 is colorably based on a "defect" under § 1447(c). See Atl. Nat. Tr. LLC v. Mt. Hawley Ins. Co., 621 F.3d 931, 938, 940 (9th Cir. 2010) (concluding that § 1447(d) barred review of a remand order in which the "district court reasoned that under § 1448, a later-served defendant who . . . choose[s] the state court forum . . . may force a remand to state court"). Similarly, other circuits

have affirmed the general principle that post-removal events may constitute defects in the removal process under § 1447(c). See, e.g., Price v. J & H Marsh & McLennan, Inc., 493 F.3d 55, 60 (2d Cir. 2007) (noting that "the Supreme Court recently rejected" the argument that "a post-removal event [that] destroys subject matter jurisdiction falls outside the scope of section 1447(c)"); Blackburn v. Oaktree Cap. Mgmt., LLC, 511 F.3d 633, 636 (6th Cir. 2008) (same). Because Liberty Mutual cites no caselaw holding that remand orders based on § 1448 are not defects under § 1447(c), it falls far short of proving that the district court's reasoning was not at least colorable.

Liberty Mutual next argues that the remand order could not be based on § 1447(c) because, allegedly, James McLaurie is only a nominal defendant; his motion did not occur within the 30-day time limit; and the parties did not properly raise the issue of lack of unanimity. But all these arguments fail because they only challenge the objective accuracy of the district court's analysis—not its subjective intent. See Transit Cas., 119 F.3d at 623. Liberty Mutual, like the plaintiff in Harvey, "asks us to examine whether the district court was correct in determining that unanimity was lacking." 797 F.3d at 807. "But under Powerex, [551 U.S. 224,] we may not do so. We examine only whether the remand order is colorably *characterized* as [being] based on lack of unanimity, not whether lack of unanimity was colorably *established*." Id. (emphases added) (citation omitted); see also Townsquare Media, Inc. v. Brill, 652 F.3d 767, 776 (7th Cir. 2011) (noting that when analyzing a district court's remand order, a reviewing court may only determine "what the [order's] ground was" and not "whether . . . it was at least arguably sound"). Thus, because a lack of unanimity is a colorable "defect" under § 1447(c), we lack jurisdiction to review the remand order. See id.

The dissent echoes the argument that McLaurie did not file his motion to remand within the 30-day deadline set in § 1447(c). But even if this were true, we would not have jurisdiction to review the district court's order. The district court stated that a lack of unanimity rendered removal "defective," but it did not apply the 30-day deadline to McLaurie because he supposedly invoked the "veto" power of a

-7-

later-served defendant under § 1448. Regardless of whether this reasoning was correct, "[t]here is only one *plausible* explanation of what legal ground the District Court actually relied upon for its remand"—a defect in removal procedure. Powerex, 551 U.S. at 233; see also Atl. Nat. Tr., 621 F.3d at 938 (reasoning that the district court's ground for remand was colorable because "there [was no] concern . . . that the district court ha[d] 'dressed up' a ground patently not within § 1447(c). . . . such as docket congestion or abstention"). Thus, "review is unavailable [to us] no matter how plain the legal error." Kircher, 547 U.S. at 642 (citation omitted).

III.

For the foregoing reasons, we dismiss this appeal for lack of jurisdiction.

STRAS, Circuit Judge, dissenting.

Many things are "colorable," which is a low bar, but not the theory that the district court remanded this case "based on a defect in removal procedure." *Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 230, 234 (2007) (explaining that, "when . . . the District Court relied upon a ground that is colorably characterized as [covered by 28 U.S.C. § 1447(c)], appellate review is barred by § 1447(d)"); *see* 28 U.S.C. § 1447(c). After all, James McLaurie "*must*" have raised one "within 30 days after the filing of a notice of removal." 28 U.S.C. § 1447(c) (emphasis added). Given the obvious untimeliness of a mid-March objection to a January removal, it is no surprise that the court did not connect the remand to the statute.[3] Instead, it seems to have thought the defendants' lack of unanimity presented a different type of

---

[3]It then became a central focus in denying the motion for reconsideration. The order, however, included no explanation for the earlier omission, and the whole point of our "independent review" is to prevent attempts to rebrand reviewable remands as unreviewable ones. *Vasseur v. Sowell*, 930 F.3d 994, 996 (8th Cir. 2019) (emphasizing that "a district court's own characterization of its remand . . . is not dispositive" (citation omitted)).

obstacle, so "the statutory time limitation . . . d[id] not apply." *Graphic Commc'ns Loc. 1B Health & Welfare Fund "A" v. CVS Caremark Corp.*, 636 F.3d 971, 975 (8th Cir. 2011) (quoting *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1257 n.18 (11th Cir. 1999)); *see Arnold Crossroads, L.L.C. v. Gander Mountain Co.*, 751 F.3d 935, 939 (8th Cir. 2014) (recognizing that § 1447(c) still excludes "remand orders not based on procedural defects"). Or at least it is more "plausible" than guessing the court "was actually relying on" an unmentioned and plainly inapplicable statute. *Powerex*, 551 U.S. at 233–35 (emphasis omitted).

In these circumstances, it is our duty to set the record straight. *See Quackenbush v. Allstate Ins.*, 517 U.S. 706, 711–12 (1996) (explaining that there is "no bar to appellate review" when a remand order is "not . . . described in § 1447(c)"). McLaurie had no right, statutory or otherwise, to retroactively veto the removal. *See* 28 U.S.C. § 1446(b)(2)(A) (requiring unanimity among "properly joined and served" defendants "*[w]hen [the] . . . action is removed*" (emphasis added)); *id.* § 1448 (ensuring that later-served defendants have the "right *to move* to remand the case," not that their motions will necessarily succeed (emphasis added)). No right means no remand, so this case belongs in federal court.

———————————————